UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID P. HOVARTER,

        Petitioner,

v.

        Case No. 1:19-cv-615

        Honorable Janet T. Neff

S.L. BURT,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.   **Background**

Petitioner David P. Hovarter is incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. In 2017, Petitioner pleaded guilty in the Ingham County Circuit Court to one count of second degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520c(1)(B) (CSC-II), and one count of third degree criminal sexual conduct, in violation of Mich. Comp. Laws § 750.520d(1)(a) (CSC-III). On June 7, 2017, the circuit court sentenced Petitioner to concurrent prison terms of 7 to 15 years.

Petitioner appealed the judgment of sentence to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts summarily denied leave to appeal on January 23, 2018, and July 3, 2018, respectively.

Petitioner timely filed his habeas corpus petition with this Court in July 2019, raising the following two grounds for relief:

I.   The trial court incorrectly scored my sentencing guidelines, in violation of my rights to statutory law and constitutional due process.

II.  The trial court violated my right to meaningful allocution at sentencing.

(Pet., ECF No. 1, PageID.4-6.) Petitioner asserts that he raised these same two issues in his appeal.

II.  **AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any

claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in

3

their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.　　Ground I:　Sentencing Error

Petitioner claims that the sentencing court violated state law and his right to due process when applying offense variable (OV) 11 to his sentence. The trial court scored 25 points under this variable. Under Mich. Comp. Laws § 777.41(1), 25 points apply where one criminal sexual penetration occurred that does not form the basis of the criminal sexual conduct offense. Petitioner contends that the trial court cited three incidents of penetration, but during Petitioner's plea he only testified about one incident giving rise to his CSC-II conviction and one incident giving rise to the CSC-III conviction; he contends that neither of these incidents would qualify for points under OV11.

"[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Notes on Rule 4, Rules Governing Habeas Corpus Cases).

The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). Thus, to the extent Petitioner contends that the state court violated state law when applying the state sentencing guidelines, his claim is not cognizable in this action.

Petitioner contends that the state court deprived him of due process because he did not testify about a third incident of penetration at his plea hearing. This claim arguably invokes a line of Supreme Court cases that includes *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), *United States v. Booker*, 543 U.S. 220 (2005), and *Alleyne v. United States*, 570 U.S. 99 (2013). In these cases, the Supreme Court made clear that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. "[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303 (emphasis in original).

In *Booker*, the Supreme Court held that the same principle applied to a federal court's application of the United States Sentencing Guidelines. In other words, a court's use of a fact not admitted by the defendant or submitted to a jury to enhance the defendant's range of

sentence under the guidelines ran afoul of the Sixth Amendment. *Booker*, 543 U.S. at 232. However, the Court noted that if "the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment." *Id.* at 233. The Court has "never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." *Id.* "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant." *Id.*

In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court recognized the constitutional problem with using Michigan's mandatory sentencing guidelines to increase a defendant's minimum sentence. Consequently, it applied the remedy suggested in *Booker*, which was to make Michigan's guidelines advisory only. *Id.* at 520-21.

The state court sentenced Petitioner in 2017, long after *Lockridge* made Michigan's sentencing guidelines advisory in nature. Consequently, the court was not required to rely solely on facts admitted by Petitioner at his plea hearing. The fact that Petitioner did not testify about a third penetration at his plea hearing does not mean that the state court deprived him of due process or any other rights under the Constitution. If the court found a third penetration based on other evidence and exercised its discretion to choose a higher sentence based on that finding, Petitioner's sentence would be perfectly sound under the Constitution.

Notably, Petitioner does not contend that there was no evidence supporting a third penetration, or that a third penetration never occurred. A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States*, 445 U.S. 552, 556 (1980); *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334

U.S. 736, 741 (1948). To prevail on such a claim, Petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. Petitioner does not contend that the state court relied on false information. Accordingly, for all the foregoing reasons, Petitioner's claim of sentencing error does not state a meritorious federal claim.

### IV. Ground II: Allocution

Next, Petitioner contends that the state court deprived him of a right to "meaningful allocution" because the court did not provide him with the victims' statements beforehand. (Pet., PageID.6.) There is no right to allocution under the federal constitution, let alone a right to receive advance notice of victim statements. *See Hill v. United States*, 368 U.S. 424, 428 (1962) ("The failure of a trial court to ask a defendant represented by an attorney whether he has anything to say before sentence is imposed is not of itself an error of the character or magnitude cognizable under a writ of habeas corpus. "); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) ("There is no constitutional right to allocution under the United States Constitution."). Thus, the state court did not deprive Petitioner of any constitutional rights when it failed to provide notice of the witnesses' statements. Accordingly, Petitioner's second ground for relief is meritless.

### Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a

determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

The Court will enter a judgment and order consistent with this opinion.

Dated:  September 4, 2019                          /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   United States District Judge